Opímon pp the .Court.
r-Samuei, RiggísrstÍpÜ, Sen; filed his bill alleging that; $é had obtainedirona the county court; of Cumberland acertificate for 400' acres of va^aglj land, under the act of assembly for settling .anj^t improving the vacant lands of this commonwealth, leaving previously 'settled upon and improved the land;/that he entered the certificate In the .surveyor’s office, and ^survey was made thereon for 286 acres' part' thereof, and a patent issued; also that a certain John Black obtained from the commissioners a certificate for 124 acres of land in 1798, under the act of assembly for encouraging and granting-relief to settlers, he, the said Black, having previously settled .and improved the same, which certificate was duly, entered with the surveyor, and a survpy executed thereon, which was assigned to hirn -this* said complainant, and a patent to him issued therefor. . He.then proceeds to charge, that the heirs'of John M’llhenny, claiming under an entry on military warrant>lfdr 1000 acres and a survey and patent in the name of théir ancestor, had obtained a judgment in ejectment, haying the elder grant, for the same land, issued on an entry which was dated on the 2^-th February, 1788, and the survey .made on the 23d September, 1798; and that the liind called for in the entry on military warrant, Jay,/notoriously, several miles higher up the Cumberland river and far from the land in contest, and that the calls of the entry established this fact when applied to the ground, líe prayed for and obtained an injunction, and for a conveyance of the elder legal title. His injunction was dissolved and hill dismissed by the decree of the court below, and from that decree he has-.appealed..
Ibis contended by the answer, that both the claims setup by the complainant below, are invalid; that the necessary settlements were never made; that théy have both been relinquished, and if they were not, they were obtained in fraud of the law; and that the military survey claimed by the appellees is on the proper ground.
The county court certificate, set up by the appellant,, js in the following words; *150 «pinion he is entitled to 400 acres of land, in Cumber» land county, on the north side of Cumberland river, beginning on Samuel BiggerstafPs beginning corner, from thence to Matthew Hawkins’ upper west corner; thence to the river, including both his improvements on the south side of the river on the ridge, under an act of assembly entitled ‘ An act for settling and improving the vacant lands of this commonwealth.”
*149 Chbrnkerland County Court, Set. — October Term, 1801.
“ On the motion of Samuel Biggerstaff, sen. satisfactory proof being made to the court, the court are of1
The act of 1800, authorizing settlers to appropriate vacant lands, requires that the certificates granted by the county court should contain the same specialty and precision as was required by the Virginia land law of 1779, and notoriety is as necessary under the Kentucky act as it is under that of Vir-
This certificate, on the 10th April, 1805, is entered with the surveyor, in the same calls contained in the certificate, except that in lieu of the words at the close “including both his improvements on the south side of the river on the ridge,” there are the words, “ including both of his improvements, and> likewise his improvement on the south side of the river on the ridge.”
1. We have not thought it necessary to notice the effect of the alteration in the entry from that contained in the certificate. The entry itself must have been made by virtue of an act, approved the 23d December, 1803, entitled “An act authorizing the surveyors to enter and survey on the county court certificates, and for other purposes.” This act did not authorize any departure from, or change of, the certificate, as held by this court in the case of Walker vs. Monroe, 2 Marsh. 404.
Nor néed we take up much time in disposing of this claim. The act of assembly under which it was located adopted language, with regard to the requisites of location, similar to that adopted by the laws of Virginia, regulating settlements and pre-emption, which have ever been held to require, not only identity, but such notoriety and description, as that others wishing to make, subsequent appropriations might find and avoid them. In like manner this act, see 2 Dig. L. K, 752, required that the certificate should contain “ a special location, describing, as near as may be, the land contemplated to be included in said certificate. It was then, at ail events, necessary for the appellant-, in this contest, to have shewn that his claim could be found, and then its figure must be ascertained., This* he has- not done. Indeed, he has not identified it.. There is proof in the cause, of Samuel Biggerstaff’s beginning corner which is called for, by depositions, and also it is laid down in the plat; and there is some evidence conducing to shew that Samuel Biggerstaff’s claim, as, called for, was. notorious, and that the owner *151 resided upon it. We have,' however, to take this proof from the report of the surveyor and the depositions; Íjr'not a title paper is filed shewing _ any claim in the ame of Samuél'Biggerstaif. It JLsyJjriie,-there is an agreement, by order, in this caused that “ the survey made and returned in this cpyige, or any one of these cases of Biggerstaff-s;iagáiiisJ:'M’lheriny’s, and all depositions taken and refurnéd shall be read as.evidence in, this or either of these causes.” There is also a casé wherein Samuel Biggerstaif is complainant and the present appellees are defendants, now before this court, jointly with this, in which are filed' title papers of Samuel Biggerstaif which correspond .with the claim called for. But as the agreement aforesaid only extends to depositions and the survey to be made for the trial, we.cannot extend it 'to dther exhibits; and, therefore, cannot notice these title papers.' ^Waiving, however, this defect, and admitting, .by supposition, that he has proved the beginning corner usually called and notoriously known as Samuel Biggerstaif!s,' and that he is entitled to the benefit of the call, as a corner known by that appellation en pais and r^ot known of record, which'will always be a good locative call, we cannot see, by arij thing in this record, that he has surveyed on the ground contemplated. “Matthew Hawkins’ upper west corner” is neither proved or shewn, nor aré both or either of the improvements identified or exhibited; so that it is impossible to tell what figure the claim must assume. The court below, • therefore, did right in refusing relief on this ground.
The act of 1803, authorizing such certificates to be entered with the surveyors and surveyed, did not authorize any departure in the entry with the surveyor, from the location given in the certifi- ■ cato.
We will now turn our attention to the claim set up by the appellant, as assignee of John Black. That reads as follows:
“We.do certify, that John Black is entitled to one1 hundred and fifty acres of second rate land, by virtue of, his having improved the same agreeably to an act of assembly entitled ‘An act for encouraging and granting relief to settlers,’and located as follows: On the north side of Cumberland river, beginning at a walnut and three sugar trees, corner to John Enyart, running with said Enyart’s line N. 88. W. 179 poles, and down the river from the beginning 128 poles to Moredock’s be-ginfiipg corner, to two honey-locusts and two sugar trees, running thence with his line out and adjoining of Thomas Butler’s for quantity. The improvement *152 js at tfee beginning corner. Number of certificate, 798.-Entered with surveyor 4th September, 1798.”
The cerüfi-commissioners acting un-dor the act of ine Green ri-vor settlers,is conclusiveof ^settlement^ was made within the an<} , that as much hind was cleared as is le ac ' ’
*152 1 Only nine days afterwards, to wit, on the 13th of the month last named, a survey was executed for one hundred and twenty-four acres, on which the grant issued. This survey exhibits "the river, calls for the same trees as the corner of Enyárt; runs with his line to his corner; from the beginning it extends down the river the distance called for, to the same trees called for in the certificate, and denominates it Moredock’s corner; thence extends from'the river with his line to the corner; turns around the corner a small distance and strikes Thomas^ Butler’s line, and with it extending again from the fiver;* and also extending the opposite and parallel line'of Enjmrt till the quantity is obtained, by a line nearly parallel to the rivet line, including the improvement; ah the surveyor states, at the beginning corner.
In this case, we are measurably relieved from the question, whether, in conflict with the military claim, the appellant was bound to prove, as it was put in issue, that the necessary settlement and residence had taken place, to entitle the appellant’s assignor, Black, to the claim in contest; or whether the certificate was conclusive upon that point? It is proved in the cause, that Black removed to the place in the winter 1797-8, having previously improved the land, and that he was living there at the date of the military survey, on the 27th of September, in the same year; of course, he must have been there on the 1st of July, 1798, the time when the settlement was required to exist by the lan-under which the claim was located. But still, wc cannot get entirely clear of this question; because, by the law, every settler entitled, was to have cleared and fenced, by that day, at least two acres, and tended the same in corn; and there is no proof in the cause, that Black had done so at that period.
2. This question has been so often decided, with rc-gard to settleme nts. derived from the land laws of Virgin-i;'i, and also with regard to certificates granted by the county courts of this country, under a system of laws for appropriating the vacant lands of this commonwealth, posterior in date to the acts under which the present claim was granted, that it cannot now be con-side'red a question of difficulty; hut it has become a *153 general xind well settled principie, Ibat sucli certificates ara conclusive against, the commonwealth and all per-3®ns claiming under her by a subsequent title. The eircumstances attending the present claim are the same, and,the law governing the ..case the same, essen-üally, as those which governs the,! cases alluded to; therefore, the sa’nie prigqiplé'Ought to govern here. We are, then, bound to assume' the fact to be, that the appellant did make such improvement adjoining his . ri, , ii > . h j . o settlement as the law required. .
A settlement claim,under jhat act,held “ant^off ex-donee ofidea-tity-
We then proceed to enquire into the other objections which may be made to this location. We need not now enquire whether notoriety he a requisite to support a claim of this character. For, from the settlement and residence of Black upon the land, long before, at, and after the date of the certificate, notoriety, according to repeated decisions of this .court, ought tó be presumed.
3. It may be objected to this claim, that it does not describe the bounds of the .land'located, which is impe-piously required by the law which governs the location. The location seems to fix its base on the river, and extends itself from the rivfer, with the line of Enyart on one side, and those of Moredock and Butler on the other, and as much farther than these lines extended, as would include the quantity by a line parallel to the general course of the base. If, then, the lines of Enyart, More-dock and Butler can be ascertained, it is evident that they may be placed in such a position, as to fix every line, or the course of every line of the claim, except the line parallel to the river, #hich might he so certainly-fixed by construction, that a grant or conveyance might he supported thereby. In such case, actual experiment by survey might fix the line with certainty. We should, therefore, be disposed to overlook the omission of giving the course and distance of the last line, and suppose the location good as it stands, by applying the maxim, id cerium- est, quod cerium reddi potest, if we could ascertain th^identity and existence of the other calls of the claim. It is evidently not necessary to require a more complete identification of the settlement, to give figure to this claim. It is proved that the owner resided upon it. ,kWe are told it is at the beginning corner, and it is ay’ijlent that the posiliqp of the improvement, inside of the .location, 'is not to control or affect its margM. TÍíé .existence and position of the lines of Enyart on. *154 one side, and Moredock and Biatlcr on the other, is the remajning desideratum; and as these lines may assume such various positions, and run so eccentric, as to control and change the land into so many various and fanciful positions, it is eyident that the claim cannot be supported,- unless they are identified. »^fter examining the record, no survey or title paper in either of the names of Enyart, Moredock or Butler, are filed, and we must, therefore, search their position in other proof. It is not, however, necessary, as before assumed, that these lines should be legal claims existing upon the records of the country; if the objects of these names existed on the ground, they would be good as locative calls, as has been held by this court in many similar cases. But in looking for proof of the existence of these objects at the date of this location, from evidence other than the title papers of these claims, we find none, except what is afforded by the report of the surveyor, on which the cause was tried, and the plat and certificate of the survey originally made on this location. As to the report of survey, it does not exhibit either the lines of More-dock or Butler, and only the corners of Enyart. , But even this cannot be taken as evidence that Enyart’s line existed at the date of this location. This might be presumed, with regard to natural objects of a permanent, nature; but not with regard to those of an artificial character, which, at some former day, could not have had an existence. The plát and certificate of survey is, then, the only remaining evidence. This approaches the certificate so near in dafite, that it must be confessed it raises a strong probability that these lines existed at the date of the certificate. At all events, it excites a belief that the appellant might have been able, by a little additional preparation, to have sustained his claim. But still this affords no certainty, which is requisite before a legal estate should be divested. It may be a query, whether such plat and certificate affords good evidence of the existence ©f tbe adjoining lines called for, although it is in evidence that the corner trees reported, are there, and that the survey was actually made. But, however this may be, it certainly cannot be evidence of the strongest, character; nor does it prove that'the adjoining.lines existed there anterior to the date of the survey, longer than was necessary to have made and fixed them there. It at best *155 makes but a plausible or-probable case, and is not attended with that certainty, which is necessary to ai^ ifeorise relief. We, therefore, conceive that the i,appellant has failed to identily sufficiently, the calls of this claim, and that the court below did not err in deciding it invalid.?!'' p
We shall further remark,'tnát there are some depositions in the causé, which- prove the existence of the lines and corners'of Enyart, Moredock and Black; but at what date they existed, or when the witnesses first became acquainted with them, whether at the time their depositions were taken, or long before, cannot be gathered from the language used by the witnesses.
The decree must be aflirmed with costs.